UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MELISSA D MILLER,

    Plaintiff,

    v.

LAZYDAYS RV OF ELKHART LLC,

    Defendant.

Case No. 3:23-CV-00876-GSL-SJF

## **OPINION AND ORDER**

On August 23, 2022, Plaintiff Melissa Miller (formerly, Melissa Kauffman) filed a Charge of Discrimination with the EEOC against Lazydays RV of Elkhart, LLC. [DE 5]. On May 31, 2023, the EEOC issued its Determination and Notice of Rights to Sue. [*Id.*]. Plaintiff, proceeding *pro se*, filed a complaint in Elkhart Superior Court against Lazydays RV of Elkhart, LLC, its parent company, and six of its employees. [DE 1-4]. On September 5, 2023, she amended the Complaint to name only Lazydays RV of Elkhart, LLC, Monica Johns, and Katie Hembree. [DE 5]. The action was timely removed to this Court on September 27, 2023. [DE 1].

On July 10, 2024, the Court granted Defendants' prior motion for judgment on the pleadings [DE 21] and dismissed Plaintiff's claims as to Individual Defendants Johns and Hembree. [DE 33]. The matters still open are Plaintiff's remaining claims against Defendant Lazydays RV of Elkhart, LLC.

Defendants filed the instant motion for judgment on the pleadings on July 29, 2024, seeking a judgment on all the remaining claims in the case, which are all against Defendant Lazydays. [DE 34]. The deadline for Plaintiff's response to the instant motion was August 22, 2024. N.D. Ind. L.R. 7-1(d)(2)(A); Fed. R. Civ. P. 6(d). Plaintiff failed to file a timely response

and did not request an extension of time. Instead, in a subsequent filing on August 26, 2024, Plaintiff stated that she "commits to filing with the Court properly drafted responses and pleadings to the Defendant's motion by August 30, 2024." [DE 38]. Even if the Court construes this as a request for an extension of time to file a response to the instant motion, the request is untimely and improper. Ind. L.R. 6-1. Even more, Plaintiff did not honor her own proposed extended deadline. To date, Plaintiff has not filed a response to the instant motion, and this Court will summarily rule on the motion. L.R. 7-1(d)(5).

Local Rule 7-1(d)(2) provides that a party must file its response to a Federal Rule of Civil Procedure 12 motion within 21 days. L.R. 7-1(d)(2). This includes a motion for judgment on the pleadings. Here, just as with the previous Rule 12(c) motion, Plaintiff did not respond within the time allowed, nor did she seek an extension.

Therefore, under the authority of Local Rule 7-1(d)(5), the Court GRANTS the Defendants' Motion for Judgment on the Pleadings [DE 34]. Plaintiff's claims as to Defendant Lazydays are DISMISSED. The Court DIRECTS the Clerk of Court to enter judgment against Plaintiff Miller and in favor of all the Defendants. The Plaintiff takes nothing by her Complaint.

SO ORDERED.

ENTERED: December 9, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court